IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL J.G. SAUNDERS,

    **Plaintiff,**

v.                                                                       Civil Action No. 3:16cv322

CRAIG M. BURNS, *et al.*

    **Defendants.**

### MEMORANDUM OPINION

This matter comes before the Court on Defendant Wendy S. Hughes's Motion to Dismiss for Failure to State a Claim[1] (the "Hughes Motion to Dismiss"), (ECF No. 9), and Defendant Craig M. Burns's Motion to Dismiss for Failure to State a Claim[2] (the "Burns Motion to Dismiss"), (ECF No. 15), and Plaintiff Michael J.G. Saunders's Motion for Status Conference, (ECF No. 20). Saunders, proceeding *pro se* and *in forma pauperis*, has responded to both motions (ECF Nos. 12, 19), and both Defendants have replied, (ECF Nos. 13, 19). No defendant has responded to Saunders's Motion for Status Conference, and the time to do so has expired. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matter is ripe for disposition. For the reasons that follow, the Court will grant the Hughes Motion to Dismiss and the Burns Motion to Dismiss and deny as moot Saunders's Motion for a Status Conference. The Court will dismiss the Complaint without prejudice.

---

[1] Hughes provided Saunders with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (*See* ECF No. 11.)

[2] Burns provided Saunders with appropriate notice pursuant to *Roseboro*, 528 F.2d at 310. (*See* ECF No. 15.)

## I. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

### B. Obligation to Construe *Pro se* Pleadings Liberally

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Id.* (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of the City of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## II. Factual and Procedural Background

### A. Factual Background

#### 1. Saunders's Underlying Convictions

On September 2, 2008, the Circuit Court of the County of Chesterfield, Virginia (the "Chesterfield Circuit Court") convicted Saunders following a guilty plea to two counts of "consensual sodomy with juveniles" under § 18.2-361(A).[3] *Saunders v. Commonwealth*, 753 S.E.2d 602, 605 (Va. Ct. App. 2014). On each count, the Chesterfield Circuit Court sentenced

---

[3] At the time of Saunders's conviction, Section 18.2-361(A) stated in pertinent part: "If any person . . . carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a [felony]." Va. Code § 18.2-361(A). For ease of reference, the Court refers to this as "the anti-sodomy provision."
  In 2014, the Virginia General Assembly amended Section 18.2-361(A) and removed the anti-sodomy provision. *Toghill v. Virginia*, 768 S.E.2d 674, 681 (Va. 2015). The General Assembly also "amended other statutes to ensure that sodomy with a minor would be a crime." *Id.* (citing 2014 Va. Acts ch. 794). "Currently, the Code of Virginia criminalizes sodomy involving adults and minors in numerous ways." *Id.*

3

Saunders to five years' incarceration with five years suspended. *Id.* Saunders was also required to: (1) have no contact with either victim; (2) register in the Sex Offender and Crimes Against Minors Registry ("SOCRAM"); (3) remain under "supervised probation indefinitely, under the supervision of a Probation Officer, until released by the Court or by the Probation Officer"; and, (4) "pay court costs, . . . and any interest that may accrue until the balance is paid in full." (Sept. 2, 2008 Sentencing O. 2, ECF No. 1-7.) Following this judgment, Saunders filed—without success[4]—various direct and collateral attacks on his convictions, including one petition for a writ of habeas corpus under 28 U.S.C. § 2254.[5]

On August 4, 2009, the Chesterfield Circuit Court found Saunders guilty of violating the conditions of his probation. *See Saunders*, 753 S.E.2d at 605. The Chesterfield Circuit Court revoked Saunders's previously-suspended sentences, and re-imposed a total sentence of ten years' incarceration, with all ten years suspended on the conditions of: (1) good behavior; (2) supervised probation until released by the Court or the Probation Officer; and, (3) the payment of "original court costs, current court costs, . . . and any interest that may accrue until the balance is paid in full." (August 4, 2009 Show Cause Revocation O. 1–2.) Four months later, on

---

[4] Saunders has filed eleven other cases in this Court since 2009: (1) *Saunders v. McAuliffe (Saunders/MacDonald II)*, No. 3:15cv402 (E.D. Va. filed July 6, 2015); (2) *Saunders v. Clarke*, No. 3:15cv117 (E.D. Va. filed Mar. 4, 2015); (3) *Saunders v. Flaherty (Saunders/MacDonald I)*, No. 3:13cv854 (E.D. Va. filed Dec. 27, 2013); (4) *Saunders v. Jones*, No. 3:12cv192 (E.D. Va. filed Mar. 13, 2012); (5) *Saunders v. Dir., Va. Dep't of Corr.*, No. 3:11cv705 (E.D. Va. filed Oct. 20, 2011); (6) *Saunders v. Virginia*, No. 3:11cv352 (E.D. Va. filed May 25, 2011); (7) *Saunders v. Clarke*, No. 3:11cv170 (E.D. Va. filed Mar. 18, 2011); (8) *Saunders v. Minton*, No. 3:10cv615 (E.D. Va. filed Aug. 30, 2010); (9) *Saunders v. Minton*, No. 3:10cv570 (E.D. Va. filed Aug. 16, 2010); (10) *Saunders v. Riverside Reg'l Jail*, No. 3:10cv258 (E.D. Va. filed Apr. 21, 2010); and, (11) *Saunders v. Smith*, No. 3:09cv815 (E.D. Va. filed Dec. 23, 2009).

[5] Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

November 4, 2009, the Chesterfield Circuit Court again found Saunders guilty of violating the conditions of his probation. The court revoked the previously-suspended sentences, re-imposed a total sentence of ten years' incarceration, and suspended seven years on the conditions of: (1) good behavior; (2) mental health treatment; (3) sex offender treatment; (4) making "no threats to any other person"; (5) supervised probation, commencing upon Saunders's release from incarceration and continuing until released by the Court or the Probation Officer; and, (6) the payment of "original court costs, current court costs, . . . and any interest that may accrue until the balance is paid in full." On August 22, 2012, the Chesterfield Circuit Court found Saunders guilty of violating the conditions of his probation a third time, imposing another active three-year period of incarceration with four years' incarceration suspended on the conditions of: (1) good behavior; (2) supervised probation for fifteen years until released by the Court, (3) the payment of "original court costs, current court costs, . . . and any interest that may accrue until the balance is paid in full." (August 22, 2012 Show Cause O. 1–2.)

Saunders appealed the August 22, 2012 probation revocation to the Virginia Court of Appeals. *See Saunders*, 753 S.E.2d at 605. Among other challenges, Saunders attacked his underlying 2008 convictions based on *Lawrence*,[6] 539 U.S. 558, and *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. 2013) ("*MacDonald/Moose*").[7] *Saunders*, 753 S.E.2d at 606. Saunders argued that the Chesterfield Circuit Court lacked jurisdiction to impose any sentence on his

---

[6] The *Lawrence* court held unconstitutional a Texas statute criminalizing certain sexual conduct between consenting adults of the same sex. 539 U.S. at 578.

[7] In *MacDonald/Moose*, the United States Court of Appeals for the Fourth Circuit found the Virginia statute criminalizing sodomy facially violated the Due Process Clause of the Fourteenth Amendment. 710 F.3d at 156. The Supreme Court of Virginia has expressly declined to adopt what it deems non-binding and unpersuasive authority from this Fourth Circuit case. *See McDonald v. Commonwealth*, 645 S.E.2d 918, 919 (Va. 2007) (holding that the anti-sodomy provision is not unconstitutional when applied to conduct with minors). The state and federal determinations remain in tension with one another.

5

probation violation because his original 2008 convictions flowed from a statute declared unconstitutional by the Fourth Circuit in *MacDonald/Moose*. *Id.* at 607. The Virginia Court of Appeals upheld the Chesterfield Circuit Court's decision, finding that the Supreme Court of Virginia's holding in *McDonald v. Commonwealth*, 645 S.E.2d 918 (Va. 2007),[8] affirming the constitutionality of the anti-sodomy provision as to conduct with minors, bound its decision regarding Saunders's appeal. *Id.* at 608, 611.

The Supreme Court of Virginia later reaffirmed this holding in *Toghill v. Commonwealth*, 768 S.E.2d 674 (Va. 2015). In *Toghill*, the Supreme Court of Virginia reaffirmed the constitutionality of Section 18.2-361(A) as applied to Toghill because Toghill, like MacDonald, had been convicted based on conduct involving a minor. *Toghill*, 768 S.E.2d at 679. The Supreme Court of Virginia expressly declined to follow the Fourth Circuit's holding in *MacDonald/Moose*, noting that it provided only persuasive authority. *Id.* at 677. The *Toghill* court noted that the "'normal rule' is that 'partial, rather than facial invalidation [of a statute] is the required course . . . [because courts] try not to nullify more of a legislature's work than is necessary.'" *Toghill,* 768 S.E.2d at 680 (quoting *Ayotte v. Planned Parenthood*, 546 U.S. 320, 329 (2004)). Partial invalidation does less to frustrate the "intent of the elected representatives of the people." *Id.* The Virginia Supreme Court noted with approval some aspects of the dissenting opinion in *MacDonald/Moose*. *See Toghill*, 768 S.E.2d at 679 n.4 (citing *MacDonald/Moose*, 710 F.3d at 169 (Diaz, J., dissenting)); *see also id.* at 683–84 (Mims, J. concurring) (citing *MacDonald/Moose*, 710 F.3d at 167 (Diaz, J., dissenting)).

---

[8] Despite the different spelling, the defendant in *McDonald* and the petitioner in *MacDonald/Moose* are the same individual. *See MacDonald/Moose*, 710 F.3d at 158 & n.5.

6

### 2. The Allegations in Saunders's Complaint

The Complaint before the Court challenges the garnishment of Saunders's wages to pay outstanding court costs and fees. Saunders alleges that on or about May 19, 2016, he received a "Notice of Lien and Demand for Payment of Court Liabilities, Under Section 58.1-1804 of the Code of Virginia," (the "Notice and Demand"). (Compl. 4, ECF No. 3.) The Notice and Demand required Saunders's employer to withhold money from Saunders's check "for Payment of court liabilities." (Not. and Demand 1, ECF No. 1-3.) In all, Saunders owed $616.62 to "Goochland Combined Court" for case number 075GT1300283700, and $10,237.09 to "Chesterfield Circuit Court" for case numbers 041CR07B0231801, 041CR07C0231801, 041CR07E0231801, and 041CR07F0231801. (Not. and Demand 2, ECF No. 1-3.)

After receiving the Notice and Demand, Saunders contacted both Hughes and Burns and "explained . . . that each and every one of the previously-referenced and attached Orders of the Chesterfield County Circuit Court were predicated upon former Va. Code 18.2-361(A), which had been facially invalidated by the Fourth Circuit Court of Appeals." (Compl. 6.) Saunders requested that Hughes and Burns "cease and desist the collection of his salary and pay," (Compl. 6), because the Notice and Demand "is the enforcement of a statute that the Court has held to be facially unconstitutional," (Compl. 8). Saunders further explained:

> My position is that the enforcement of the [Notice and Demand], insofar as the same is clearly the enforcement of Court-Costs [sic] associated with a conviction in the Circuit Court for the County of Chesterfield under former, [sic] Va. Code 18.2-361(A), . . . is unlawful and actionable under 42 U.S.C. 1983 [sic].

(Compl. 8.)

According to Saunders, Hughes informed him that "unless and until the Chesterfield Court Orders were nullified, . . . the . . . collections of Saunders['s] salary and pay would continue" until all court costs were paid in full. (Compl. 7.) Burns similarly told Saunders that

7

because "the costs and fines for Chesterfield Count have not been vacated, the lien is valid and will be enforced." (Compl. 9.) Saunders alleges that, beginning on May 31, 2016, "approximately $279.00 per pay-check . . . will be withheld from Saunders and will be forwarded to the Clerk of the Chesterfield County Circuit Court," because "[i]t is a long-standing and deeply-embedded policy of the Virginia Department of Taxation and the Chesterfield Circuit Court Clerk's office to obey and abide by . . . Orders of any Virginia Court, irrespective of constitutionality, unless and until the same are declared null and void by [a] Court of competent-jurisdiction." (Compl. 9–10.)

Saunders alleges that enforcement of the Notice and Demand violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution,[9] because the Fourth Circuit held "in the case of *MacDonald v. Moose* . . . that former Va. Code § 18.2-361(A), that which the Chesterfield County Circuit Court Orders relied upon by the Defendant's [sic] is predicated 'is unconstitutional when applied to any person.' 710 F.3d 154, 162 (4th Cir. 2013)." (Compl. 11.) Saunders asks the Court for:

1) "A declaration that the acts and omissions of each and every one of the Defendants . . . ha[ve] violated [Saunders's] rights under the Constitutions and laws of the United States";

2) "A declaration that the Court Orders entered by the Circuit Court for the County of Chesterfield, predicated upon former Va. Code § 18.2-361(A) . . . are NULL AND VOID";

3) "A declaration that the [Notice and Demand], insofar as it relies upon the Orders entered by the Circuit Court for the County of Chesterfield, predicated upon former Va. Code § 18.2-361(A), is NULL AND VOID";

4) "A preliminary and permanent injunction enjoining the Defendant's [sic] . . . from enforcing the Orders of the Circuit Court for the County of Chesterfield, predicated upon former Va. Code § 18.2-361(A)";

---

[9] "No state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

8

    5) "A preliminary and permanent injunction enjoining each Defendant. . . from enforcing the [Notice and Demand] insofar as the [Notice and Demand] is predicated upon former Va. Code § 18.2-361(A)"; and,

    6) Compensatory, nominal, and punitive damages and costs.

(Compl. 13–14.)

### B. Procedural History

On September 2, 2016, the Court granted Saunders's Motion for Leave to Proceed *in forma pauperis* and directed the Clerk to file Saunders's complaint. On October 3, 2016, Hughes filed the Hughes Motion to Dismiss, arguing that Saunders's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On October 11, 2016, Burns filed the Burns Motion to Dismiss, also arguing that Saunders's claims are barred by *Heck*, and arguing in the alternative that Saunders's claims are barred by res judicata and collateral estoppel and that Burns in an improper defendant. Saunders responded to both motions, and Hughes and Burns both replied. On June 9, 2017, Saunders filed the Motion for Status Conference stating that he "would like for the parties to confer before this Court in order to either argue their pleadings on the merits or discuss any potential settlement agreement." (Mot. Status Conference 1, ECF No. 20.) Neither Hughes nor Burns responded to Saunders's Motion for Status Conference.

### III. Analysis: *Heck v. Humphrey* Bars Saunders's Claims[10]

The Court must dismiss this action because Saunders's claims are not cognizable under 42 U.S.C. § 1983.[11] Claims that necessarily imply the invalidity of a person's conviction or sentence may not be brought under § 1983. *Heck*, 512 U.S. at 487.

---

[10] This is not the first time this Court has dismissed, as barred by *Heck*, Saunders's attempt to collaterally attack his state convictions via § 1983. In 2014, the Honorable Henry E. Hudson, United States District Judge, "dismissed without prejudice as legally frivolous" Saunders's complaint "rais[ing] twenty-seven claims challenging at least thirteen conditions of his probationary supervision." *Saunders v. Jones*, No. 3:12cv192, 2014 WL 2155342, at *4, *2 (E.D. Va. May 22, 2014).

### A. The *Heck v. Humphrey* Bar on Collateral Attacks Using § 1983

Both Hughes and Burns argue that *Heck* bars Saunders's § 1983 action because he was "still on probation at the time he filed the Complaint," and was therefore "in custody" for purposes of applying the so-called *Heck* bar. (Burns Mem. Supp. Mot. Dismiss 7–8, ECF No. 16 (citing *Saunders v. Jones*, 2014 WL 2155342); *see also* Hughes Mem. Supp. Mot. Dismiss 2, ECF No. 10 ("[S]ince the plaintiff is still on probation, his § 1983 claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).").) Saunders argues in response that Burns's and Hughes's "assertion[s] that Saunders is still on probation [are] factually inaccurate and baseless." (Pl.'s Resp. Burns Mot. Dismiss 1, ECF No. 18; Pl.'s Resp. Hughes Mot. Dismiss 1, ECF No. 12.) The Court, however, need not resolve the factual dispute because, even if Saunders is no longer on probation, his Complaint is barred by *Heck*.

In *Heck*, the Supreme Court of the United States addressed the "concerns for finality and consistency" that are raised when a prisoner uses § 1983, rather than habeas corpus, to attack the "validity of outstanding criminal judgments." 512 U.S. at 485–86. *Heck* held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. In order for a plaintiff to succeed in a § 1983 claim, the plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *id.*, what has become known

---

[11] Section 1983 provides a private right of action for a violation of constitutional rights by persons acting under the color of state law. 42 U.S.C. § 1983.

10

as the "favorable termination requirement," *see Nelson v. Campbell*, 541 U.S. 637, 646–47 (2004).

Although *Heck* involved a § 1983 action brought by an individual who was incarcerated at the time, *see Heck*, 512 U.S. at 478, the *Heck* Court included in a footnote that "the principle [barring the challenge of an outstanding criminal conviction through a civil tort action] is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated," *id.* at 490 n.10. This footnote, and subsequent Supreme Court cases, created differing interpretations among the circuit courts. *See Wilson v. Johnson*, 535 F.3d 262, 266–67 (4th Cir. 2008) (discussing circuit split over whether an individual no longer in custody may bring a claim under § 1983 without meeting the favorable termination requirement). Although "the Supreme Court has yet to conclusively decide if a former inmate can file a § 1983 claim," *Wilson*, 535 F.3d at 267, the Fourth Circuit *has* conclusively decided the issue. "A would-be plaintiff who is no longer in custody may bring a § 1983 claim undermining the validity of a prior conviction only if he [or she] lacked access to federal habeas corpus while in custody." *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 697 (4th Cir. 2015).

Therefore, regardless of whether Saunders is on probation and therefore "in custody" within the meaning of *Heck*, he may not bring a § 1983 claim "undermining the validity of [his] conviction [unless] he lacked access to federal habeas corpus while in custody." *See id.* Saunders's Complaint includes no allegations that would bring it within "the *Heck* bar's narrow exception" of a "petitioner [who] could not have 'practicably sought habeas relief while in custody.'" *Griffin*, 804 F.3d at 696–97. Moreover, it is unlikely that Saunders *could* qualify for this exception because he previously filed a petition for habeas relief. *See Saunders v. Clarke*, No. 3:11cv170 (E.D. Va. filed Mar. 18, 2011). As such, if a judgment in Saunders's

favor "would necessarily imply the invalidity of his conviction," *Heck*, 512 U.S. at 487, the Court must dismiss the Complaint.

### B. Judgment in Saunders's Favor Would Necessarily Imply the Invalidity of His Conviction, and his Claims are Therefore Barred by *Heck*

Saunders fashions his Complaint as an attack on the garnishment of his wages. His Prayer for Relief, however, makes clear that a judgment in Saunders's favor "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Because Saunders does not "demonstrate that [his] conviction or sentence has already been invalidated,"[12] the Court must dismiss his Complaint as barred by *Heck*. *Id.*

Saunders seeks declarations that the court orders under which he was convicted in the Chesterfield Circuit Court and the Notice and Demand, "insofar as it relies upon [those] orders," are "null and void." (Compl. 13.) He further asks the Court to declare that Burns's and Hughes's actions in enforcing the Notice and Demand are unconstitutional and enjoining Burns and Hughes from enforcing the Notice and Demand further. (Compl. 13–14.) Were the Court to grant these requested remedies, it would "necessarily imply the invalidity of [Saunders's] conviction or sentence" because the Court would be declaring his convictions and sentences unconstitutional. *See Heck*, 512 U.S. at 487.

Therefore, Saunders's claims are barred by *Heck* and are not cognizable under § 1983.[13]

---

[12] In fact, Saunders's Complaint includes allegations supporting a reasonable inference that his underlying convictions *have not* been invalidated. (*See* Compl. 7–9 (recounting Burns's and Hughes's statements that the Notice and Demand would continue to be enforced because the underlying convictions had not been vacated), *id.* at 11–12 (seeking declarations that the underlying convictions are "null and void").)

[13] Because Saunders's claims are not cognizable under § 1983 and the Court must dismiss his Complaint, the Court will deny as moot Saunders's Motion for Status Conference.

12

## IV. Conclusion

Because Saunders's Complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court will grant the Hughes Motion to Dismiss and the Burns Motion to Dismiss. The Court will deny as moot Saunders's Motion for Status Conference. The Court will dismiss Saunders's Complaint without prejudice.

An appropriate Order shall issue.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: 7/26/17
Richmond, Virginia